December 7, 2017

**VIA ECF**
The Honorable Elizabeth D. Laporte, U.S. Magistrate Judge
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom E
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Joint Discovery Dispute Letter
      *Perez v. Wells Fargo Bank, N.A.*, Case No. 17 Civ. 454 (MMC)(EDL)

Dear Judge Laporte:

The parties, having met and conferred by correspondence on November 13 and 15, 2017, and by telephone conference on November 20, 2017, submit this joint letter seeking the Court's assistance per the Court's Discovery Procedures, ECF No. 87, to resolve the below dispute.

**Issue #1: Redactions**

**Plaintiffs' Position:**

Wells Fargo produced 126 documents on Nov. 6, 2017—its only document production to date in the case, consisting of credit policy and credit application/script documents—designating most as confidential under the parties' stipulated protective order, ECF No. 83. Wells Fargo extensively redacted 94 of these documents on relevance grounds, rendering them incomprehensible to Plaintiffs. For the reasons below, Wells Fargo should immediately reproduce unredacted copies of all 94 documents and be prohibited from making redactions in the future except to protect privilege or work product. This relief is warranted for several reasons.

First, Wells Fargo's extensive redactions have entirely scrubbed these 94 key documents of critically relevant information for discovery purposes—including context, explanatory or clarifying information regarding how the policies and application forms were promulgated or developed, key underwriting principles that may intersect with the policies, how the policies and application forms/scripts were applied or implemented, and whether any exceptions or overrides exist. The redacted documents are so devoid of context as to be useless to use at depositions. For example, Wells Fargo produced a seven-page credit underwriting policy in which the multi-page "Underwriting Principles" and "People" sections are entirely redacted. Underwriting principles appear unquestionably relevant to a credit policy challenged as discriminatory by Plaintiffs.[1] And the "Peoples" section would permit Plaintiffs to identify individuals with knowledge of the policy itself, including who has decision-making authority for overrides or exceptions. In another 50-page document ("Application Process Overview") in which 95% of the content has been redacted, only approximately 10 of the potentially hundreds of steps in the application process are un-redacted, preventing Plaintiffs from understanding how the credit application process works. The "key policies" Wells Fargo provided to the Court, ECF No. 95, illustrate the challenge in deciphering policy documents that have been so extensively redacted. For example, the sixth page

---

[1] Plaintiffs have no idea what material Wells Fargo redacted and cannot trust it to unilaterally determine what is relevant here.

of the first exhibit in Wells Fargo's filing is mostly redacted even though it appears to relate to whether those with DACA status are eligible for credit.

Second, the majority view, grounded in the federal rules, prohibits unilateral redactions based on a party's highly subjective view of relevancy. *See Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. *It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.*") (emphasis added); *Live Nation Merchandise, Inc. v. Miller*, 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) ("unilateral redaction is disfavored"); *Holman v. Experian Info. Solutions, Inc.*, 2012 WL 2501085, at *6 (N.D. Cal. June 27, 2012) (ordering the production of documents in unredacted form where the redactions were claimed to protect non-responsive, highly sensitive business information); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006) (ordering the production of unredacted agreement claimed to contain confidential financial information and trade secrets subject to protective order); *Toyo Tire & Rubber Co., Ltd v. CIA Wheel Group*, 2016 WL 6246384, at *2 (C.D. Cal. Feb. 23, 2016) (producing party "may not redact otherwise responsive documents because those documents contain irrelevant material"); *IDC Fin. Pub., Inc. v. BondDesk Grp., LLC*, 2017 WL 4863202, at *1-3 (E.D. Wis. Oct. 26, 2017) (rejecting defendant's unilateral redactions to otherwise responsive documents based on relevance); *Burris v. Versa Products, Inc.*, 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) ("[t]he practice of redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege and work-product protections."); *Bonnell v. Carnival Corporation*, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (defendant "cannot unilaterally redact portions of otherwise discoverable, non-privileged documents based on its own belief that portions of the documents are irrelevant to the claims in this case"); *Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co.*, 270 F.R.D. 456, 458–59 (D.N.D. 2010) (criticizing "the unilateral editing of documents produced in discovery, particularly when there is a protective order in place, given the suspicion and distrust that it generates, which, in turn, leads to unnecessary discovery disputes and burdensome in camera inspections"); *Orion Power Midwest, L.P. v. American Coal Sales Co.*, 2008 WL 4462301, at *1–2 (W.D. Pa. Sept. 30, 2008) (there is no express or implied support in the Federal Rules of Civil Procedure by "which a party would scrub responsive documents of non-responsive information."); *In re Medeva Securities Litigation*, 1995 WL 943468, at *3 (C.D. Cal. May 30, 1995) ("The Court does not welcome unilateral editing of documents by the producing party. Even when implemented with restraint and in good faith, the practice frequently gives rise to suspicion that relevant material harmful to the producing party has been obscured. It also tends to make documents confusing or difficult to use.").

Wells Fargo's authority is the minority view, both unpersuasive and inapposite because it involves expert or medical reports or unrelated pension/benefit plans or third-party contracts. Similarly, Wells Fargo's two proposed compromises are not appropriate here. Wells Fargo's proposal for *in camera* review—proposed in this letter for the first time—is only appropriate where the discovery at issue involves sensitive third-party or other ancillary information. Here, by contrast Wells Fargo has redacted the central credit policy/application/form/script documents at issue in the case. Wells Fargo's other proposed compromise—placing the burden on Plaintiffs to identify what should be unredacted—is not possible where Plaintiffs do not know what they do not know about the policies or what Wells Fargo has redacted.

Finally, Wells Fargo offers no persuasive reasons for the redactions. The redactions are not based on privilege or work product. And any concern about protecting sensitive or confidential/proprietary commercial information has already been addressed through the protective order negotiated by the parties and entered by the Court, ECF No. 83.[2] *Live Nation*, 2014 WL 1877912, at *3.

**Wells Fargo's Position:**

As a starting point, Plaintiffs assertion that the policies produced by Wells Fargo are redacted in such a way as to render them "incomprehensible," "useless to use at depositions," and "scrubbed . . . of critically relevant information" is contradicted by the documents themselves. Per this Court's December 1 Order [Dkt. No. 93], Wells Fargo has already provided the Court with many of the key policies at issue in this case. [Dkt. No. 95]. Those documents confirm that Wells Fargo's has provided the applicable policies concerning credit decisions relevant to this case, including credit decisions related to non-U.S. citizens and DACA participants, and that Plaintiffs' complaints here are unfounded. There is no basis for Plaintiffs' assertions that the documents are incomprehensible and missing key information.

Turning to the law, there are numerous cases that support a party redacting irrelevant parts of confidential and sensitive documents, as Wells Fargo has done here. *See, e.g., Brousseau v. Postmaster Gen.,* 209 F.R.D. 293 (D. Conn. 2002) (approving redaction of Rule 35 medical report prior to production to plaintiff); *Bear Creek Cranberry Co. v. Cliffstar Corp.,* No. 10-CV-00770, 2011 WL 2882078, at *3 (W.D.N.Y. July 15, 2011) ("courts have found redaction appropriate where the information redacted was not relevant to the issues in the case"); *Abbott v. Lockheed Martin Corp.,* No. 06-cv-0701, 2009 WL 511866, at *2 (S.D. Ill. Feb. 27, 2009) ("redaction is a proper method of challenging relevance."); *Spano v. Boeing Co.,* No. 3:06-cv-00743, 2008 WL 1774460, at *2 (S.D. Ill. April 16, 2008) (Upholding redactions and stating: "To their credit, the Defendants produced the documents containing irrelevant information with redacted portions instead of not producing the documents at all."); *Spano v. Boeing Co.,* No. 3:06-cv-00743, 2008 WL 2020532, at *1 (S.D. Ill. May 9, 2008) (allowing redactions where the redacted portions of the documents were not relevant to the issues of the case); *Aumann Auctions, Inc. v. Phillips,* No. 8:07CV431, 2008 WL 3893242, at *5 (D. Neb. Aug. 21, 2008) (denying the plaintiff's motion to compel redacted information because the information had no bearing on the issues in the case); *Gates v. Rohm and Haas Co.,* No. 06-1743, 2007 WL 295416, at *1 (E.D. Pa. Jan. 29, 2007) (allowing a party to redact documents prior to class certification because "the redacted material will not advance the preparation for or resolution of the class certification issues" but leaving the potential for reducing redactions if class was certified and merits discovery proceeded); *Beauchem v. Rockford Products Corp.,* No. 01C50134, 2002 WL 1870050, at *2 (N.D. Ill. Aug. 13, 2002) (the court conducted an *in camera* review of the redactions and found that redaction was appropriate).

Indeed, some of Plaintiffs' own authority supports Wells Fargo's position that redactions based on relevancy are appropriate, rather than Plaintiffs' end of the spectrum assertion they are not. For example, in *Williston Basin Interstate Pipeline Co.*, the district court did not decide whether the

---

[2] Wells Fargo's claim that Plaintiffs "intend to attempt to have the policies [at issue] un-designated as confidential and potentially placed into the public record" ignores the fact that Wells Fargo—not Plaintiffs—bears the burden of establishing the sealability of any material designated as confidential under the parties' protective order. Civil L.R. 79-5(e).

justifications provided by defendant were sufficient but rather ordered an *in camera* review of the documents to determine whether the redactions in fact only involved irrelevant material (it is unclear from the docket whether a final decision was made on this issue). 270 F.R.D. at 459.

Wells Fargo is especially sensitive to producing its policies without redactions given Plaintiffs' position throughout the process of entering a protective order in which they reserved the right to move to un-designate these very policies as confidential. *See* ECF No. 83, at 2 n.2. The policies at issue contain sensitive and proprietary information about how Wells Fargo conducts its credit risk assessment. Thus, Wells Fargo's redaction of these policies is appropriate where Plaintiffs have stated they intend to attempt to have the policies un-designated as confidential and potentially placed into the public record.

Wells Fargo offered a compromise to Plaintiffs twice during the meet and confer process to go policy by policy with Plaintiffs to discuss whether certain sections could be un-redacted, to the extent that Plaintiffs took issue with any specific redactions or claimed that the redactions rendered the policies confusing. *See Gates*, 2007 WL 295416, at *1 n.1 ("Frequently, the redaction option can expedite discovery by facilitating the commencement of the process without foreclosing subsequent discussions between the parties about specific redacted material, additional documents and the like. In short, the redaction option remains, in the Court's view, a viable technique for managing the time and expense of the discovery process in many document-intensive cases."). Plaintiffs declined and instead took the position that no redactions are appropriate.

In another effort to compromise, Wells Fargo proposes that it will provide the documents—un-redacted and as redacted—to this Court for an *in camera* review, a process which is well-supported by the case law cited by both Wells Fargo and Plaintiffs. *See e.g., Williston Basin Interstate Pipeline Co.*, 270 F.R.D. at 459 (ordering an *in camera* review of the documents to determine whether the redactions in fact only involved irrelevant material); *Beauchem*, 2002 WL 1870050, at *2 (the court conducted an *in camera* review of the redactions and found that redaction was appropriate under Rule 26).

Respectfully submitted,

*/s/ Patrick David Lopez*  /s/ Mary J. Hackett*
Patrick David Lopez           Mary J. Hackett

Counsel for Plaintiffs        Counsel for Defendant

Page 5

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatory above.

Dated: December 7, 2017

By: */s/ Patrick David Lopez*
Patrick David Lopez