IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITZIE PEREZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 17-cv-00454-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE AND TO DISMISS; DENYING AS MOOT DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>Re: Dkt. Nos. 166, 167 |

Before the Court are two motions filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"): (1) "Motion to Strike Portions of the Third Amended Complaint and to Dismiss the Third Amended Complaint in Part," filed March 16, 2018 ("Motion to Strike and Dismiss"); and (2) "Motion to Stay Discovery Pending Final Disposition of Motion to Strike Portions of the Third Amended Complaint and to Dismiss the Third Amended Complaint in Part," filed March 16, 2018 ("Motion to Stay"). The motions have been fully briefed. The Court, having read and considered the papers filed in support of and in opposition to the motions, hereby rules as follows.[1]

**BACKGROUND**

In the Third Amended Complaint ("TAC"), plaintiffs allege Wells Fargo "outright refuses to extend certain types of credit to non-United States citizens who reside in the United States." (See TAC ¶ 2.) Specifically, plaintiffs allege: (1) plaintiff Mitzi Perez ("Perez"), a "DACA [Deferred Action for Childhood Arrivals] recipient," applied for a "student loan," which Wells Fargo denied "due to her citizenship status" (see TAC ¶¶ 38-

---

[1] By order filed April 30, 2018, the Court took the matter under submission.

40); (2) plaintiff Andres Acosta ("Acosta") applied for a "commercial equipment loan," which, "because he was neither a U.S. citizen nor a permanent resident," Wells Fargo denied and, additionally, "cancelled" a "credit card" it previously had issued to him (see TAC ¶¶ 43, 46-47); (3) plaintiff Sergio Barajas ("Barajas") applied for a "credit card" and was told his application could not be considered unless he had a "green card," which he did not have (see TAC ¶¶ 51, 55); (4) plaintiff Teresa Diaz Vedoy ("Diaz Vedoy") applied for a "personal loan" and a "credit card," both of which Wells Fargo denied because she was "not a permanent United States resident" (see TAC ¶¶ 58, 61); (5) plaintiff Victoria Rodas ("Rodas") applied for a "student loan," which Wells Fargo denied because she was "not a permanent resident" (see TAC ¶¶ 65, 68); and (6) plaintiff Samuel Tabares Villafuerte ("Tabaras Villafuerte") applied for a "student credit card," which Wells Fargo denied because he was "not a permanent resident" (see TAC ¶¶ 71, 73). Plaintiffs, who seek to proceed individually and on behalf of a class, allege the above-referenced denials violate 42 U.S.C. § 1981, the Unruh Civil Rights Act, and the California Unfair Competition Law.

The TAC includes the following class allegations:

> Plaintiffs . . . bring their class allegations under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of four classes, each consisting of all non-United States citizens who resided in the United States and who held either (i) DACA status, (ii) temporary protected status, or (iii) another legally protected status under any United States visa at the relevant time they applied or attempted to apply for credit from Wells Fargo ("Covered Non-Citizen Residents") from January 30, 2013 through the date of final judgment in this action ("Covered Period"), defined as follows:
>
> > a. All Covered Non-Citizen Residents who applied or attempted to apply for a Wells Fargo student loan and did not receive that loan during the Covered Period (the "Student Loan Class");
> >
> > b. All Covered Non-Citizen Residents who applied or attempted to apply for a Wells Fargo unsecured credit card and did not receive that credit card during the Covered Period (the "Credit Card Class");
> >
> > c. All Covered Non-Citizen Residents who held a greater than 24% ownership interest in a business and applied or attempted to apply for a Wells Fargo Business Direct credit product for that business and did not receive that credit product during the Covered Period (the "Business Direct Class"); and

2

United States District Court
Northern District of California

      d. All Covered Non-Citizen Residents who applied or attempted to apply for a Wells Fargo automobile loan, personal loan, or home mortgage and did not receive those loans or mortgages during the Covered Period (the "A/P/M Class").

(See TAC ¶ 80). Plaintiffs allege Perez and Rodas are members of the first class, Barajas, Diaz Vedoy, and Tabares Villafuerte are members of the second class, Acosta is a member of the third class, and Diaz Vedoy is a member of the fourth class.

## DISCUSSION

### A. Motion to Strike and Dismiss

In a prior motion to strike, Wells Fargo argued, and the Court thereafter found, the class allegations, as set forth in the Second Amended Complaint, were subject to dismissal on the ground such allegations were based on a "fail-safe" class, i.e., "one that is defined so narrowly as to preclude membership unless the liability of the defendant is established." See Torres v. Mercer Canyons, Inc., 835 F.3d 1125, 1138 n.7 (9th Cir. 2016) (internal quotation, citation and alteration omitted). Wells Fargo now argues the new class definitions are overly broad and, consequently, the entirety of the class allegations should, once again, be stricken. Additionally, Wells Fargo, after pointing out there is no allegation that plaintiff Diaz Vedoy applied for an automobile loan or a home mortgage, argues Diaz Vedoy's individual claims based on denials of such loans are subject to dismissal for lack of standing and that all references to such loans should be stricken from the definition of the A/P/M class for lack of an appropriate class representative. The Court considers each such argument in turn.

### 1. Overbreadth

Pursuant to Rule 23(d) of the Federal Rules of Civil Procedure, a district court "has authority to strike class allegations prior to discovery if the complaint demonstrates that a class action cannot be maintained." Tietsworth v. Sears, Roebuck & Co., 720 F. Supp. 2d 1123, 1146-47 (N.D. Cal. 2010) (citing Fed. R. Civ. P. 23(d)); see, e.g., Sandoval v. Ali, 34 F. Supp. 3d 1031, 1043-44 (N.D. Cal. 2014) (striking class allegations, with leave to amend, where "[a]s pled, the class is inconsistent with [p]laintiff's theory of the case").

3

According to Wells Fargo, plaintiff's class definition, "[o]n its face," is "so overly broad that it includes individuals who would not have a lending discrimination claim against Wells Fargo because they were denied credit for reasons unrelated to immigration status, including those denied a loan due to derogatory credit." (See Def.'s Mot. at 5:24-27.)

To avoid "definitional overbreadth," a plaintiff's theory of injury must "actually map[ ] onto the membership of the class." See Torres, Inc., 835 F.3d at 1138. Stated otherwise, "class membership must fit the theory of legal liability." See id. Nevertheless, because "defining the class to include only those individuals who were 'injured' by [the alleged wrongful conduct] threatens to create a 'fail safe' class," courts "require no more than a reasonably close fit between the class definition and the chosen theory of liability." See id. at 1138 n.7.

Here, the alleged theory of liability is that Wells Fargo violated § 1981, as well as several California statutes, by categorically denying to any individual who is a "Covered Non-Citizen Resident" the lines of credit identified in the TAC. (See TAC ¶¶ 2, 80.) The TAC thus reflects a sufficiently close fit between class definition and theory of liability. Although, as noted, Wells Fargo contends some of the class members were denied credit based on reasons other than their status as a Covered Non-Citizen Resident, such argument is not appropriate for consideration where, as here, the class allegations are challenged on the face of the complaint. In effect, such argument is a denial that Wells Fargo operates under the policy alleged in the TAC, which argument goes to the merits, rather than the pleading, of plaintiffs' claims. See Torres, 835 F.3d at 1138 (rejecting defendant's argument that "class was drawn too broadly," where argument raised "merits issue that the district court will later resolve").[2]

---

[2] In support of their opposition, plaintiffs submitted evidence that, they argue, shows they will be able to establish class certification, after which Wells Fargo, in response, submitted evidence it contends demonstrates plaintiffs will be unable to do so. Given that the instant motion challenges the TAC on its face, the Court has not considered at this time either party's respective evidentiary submissions.

4

1    Accordingly, to the extent Wells Fargo seeks an order striking the class allegations
2    in their entirety, the motion will be denied.

### 2. Claims Based on Denials of Automobile Loans/Home Mortgages

As noted above, one of the four proposed classes consists of Covered Non-Citizen Residents who applied for and did not receive an "automobile loan, personal loan, or home mortgage," i.e., what plaintiffs have designated "the A/P/M Class." (See TAC ¶ 80). Also, as noted above, plaintiffs allege that plaintiff Diaz Vedoy is a member of the A/P/M Class. Although plaintiffs allege Diaz Vedoy applied for a "personal loan and credit card" (see TAC ¶ 61), plaintiffs, as Wells Fargo correctly observes, do not allege she applied for an automobile loan or a home mortgage. Consequently, Wells Fargo argues, to the extent Diaz Vedoy's individual claims are based on the denial of an automobile loan and home mortgage, her claims should be dismissed for lack of standing, and, further, to the extent the class claims are based on said denials, the clams should be stricken on the ground Diaz Vedoy's clams are not "typical" of those that would be advanced by putative class members who unsuccessfully sought such types of credit. See Fed. R. Civ. P. 23(a)(3) (providing claims of "representative party" must be "typical" of claims of absent class members).

As to the first of the above arguments, the Court notes that plaintiffs do not allege on behalf of Diaz Vedoy an individual claim based on Wells Fargo's having denied her an automobile loan or a home mortgage; consequently, to the extent Wells Fargo seeks an order dismissing Diaz Vedoy's individual claims based on denial of either such type of credit, the motion will be denied.

Diaz Vedoy does, however, seek to assert such claims on behalf of putative class members. In that regard, the second of the above arguments has merit. Although, to meet the typicality requirement, the claims of a class representative and absent class members need not be "substantially identical," they must be "reasonably coextensive." See Parsons v. Ryan, 754 F.3d 657, 685 (9th Cir. 2014). Here, plaintiffs have not alleged any facts to support a finding that, one of the one hand, claims based on automobile

5

loans and home mortgages, which typically are secured, and, on the other hand, claims based on credit cards and personal loans, which typically are unsecured, are "so interrelated that the interests of the [absent] class members will be fairly and adequately protected." See id. (internal quotation and citation omitted). Accordingly, to the extent Wells Fargo seeks an order striking from the definition of the A/P/M class the references to automobile loans and home mortgages, the motion will be granted.

The Court will afford plaintiffs one further opportunity to amend. Contrary to Wells Fargo's argument, the Court does not find such leave to amend necessarily would be futile, as plaintiffs, in their opposition, assert Diaz Vedoy did unsuccessfully apply for an automobile loan, and, with respect to home mortgages, it is not clear plaintiffs could not add a named plaintiff who unsuccessfully sought such a loan.

**B. Motion to Stay**

In its Motion to Stay, Wells Fargo seeks an order staying all class discovery, pending resolution of its Motion to Strike and Dismiss. As set forth above, the Motion to Strike and Dismiss will be fully resolved by the instant order, and, accordingly, the Motion to Stay will be denied as moot.[3]

**CONCLUSION**

For the reasons stated above,

1. Wells Fargo's Motion to Strike and Dismiss is hereby GRANTED in part and DENIED in part, as follows:

    a. To the extent the motion seeks an order striking from the A/P/M class definition all references to automobile loans and home mortgages, the motion is GRANTED and said references are STRICKEN with leave to amend;

    b. In all other respects, the motion is DENIED; and

//

---

[3] As set forth in an order filed concurrently herewith, however, the Court has stayed class discovery as to Wells Fargo's automobile loan and mortgage practices.

6

c. Plaintiffs' Fourth Amended Complaint, if any, shall be filed no later than May 25, 2018.

2. Wells Fargo's Motion to Stay is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: May 9, 2018

MAXINE M. CHESNEY
United States District Judge