IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITZIE PEREZ, et al., <br> Plaintiffs, <br> v. <br> WELLS FARGO BANK, N.A., <br> Defendant. | Case No. 17-cv-00454-MMC <br><br> **ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL PORTIONS OF FIFTH AMENDED COMPLAINT; DIRECTIONS TO PLAINTIFFS** <br><br> Re: Dkt. No. 261 |

Before the Court is plaintiffs' Administrative Motion, filed July 1, 2019, "to Seal Portions of Plaintiffs' Fifth Amended Complaint."[1] Defendant has filed a response and declaration in support thereof. Having read and considered the parties' respective written submissions, the Court rules as follows.

In the redacted version of their Fifth Amended Complaint ("5AC"), plaintiffs allege defendant has a policy of denying certain types of credit to aliens who "hold Deferred Action for Childhood Arrivals ('DACA') status" (see 5AC ¶ 2); plaintiffs allege defendant, in furtherance of said policy, uses seven specified "decline codes" that "reflect a credit denial based on alienage and immigration status" (see 5AC ¶¶ 83, 85-86; see also 5AC ¶ 84). As the decline codes have been designated confidential by defendant, plaintiffs, as required by the Civil Local Rules of this district, have redacted said codes from the public version of the 5AC, see Civil L.R. 79-5(e), and, as they correctly note in the instant administrative motion, defendant, as the designating party, has the burden to establish

---

[1] By order filed concurrently herewith, the Court has approved the parties' stipulation to allow plaintiffs to file a Fifth Amended Complaint.

the codes are properly filed under seal, see Civil L.R. 79-5(e)(1).

A party seeking to seal a "judicial record . . . must articulate compelling reasons supported by specific fact[s] . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations, alteration and citations omitted); see also, e.g., Delphix Corp. v. Actifio, Inc., 2014 WL 4145520, at *2 (N.D. Cal. August 20, 2014) (considering whether movant established "sufficiently compelling reasons" to seal portions of complaint). A showing that consists of "conclusory statements about the content of the documents," e.g., "that they are confidential and that, in general, their production [to the public] would hinder [the designating party's] future operations," is insufficient to establish the requisite "compelling reasons." See Kamakana, 447 F.3d at 1182; see also Oliner v. Kontrabecki, 745 F.3d 1024, 1026-27 (9th Cir. 2014) (holding "conclusory statement that publication of the [judicial record] will injure the [designating party] in the industry and local community falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal") (internal quotation and citation omitted).

Here, the declaration filed by defendant in support of the instant motion does not itself address whether the specific denial codes are properly filed under seal. Rather, it asserts that this Court, as well as Magistrate Judge Elizabeth D. Laporte, to whom discovery disputes in the case were referred, have granted prior requests to file "the same or similar documents under seal." (See deVyver Decl. ¶ 3.)[2] Each of the referenced sealing orders, however, granted a request to file under seal documents that detail the processes and procedures by which defendant determines whether to provide

---

[2] The declaration also asserts that plaintiffs have not complied with the procedures in the parties' Joint Stipulated Protective Order as to challenging an opposing party's designations. (See id. ¶ 4.) Any such failure, however, is not dispositive of the issue before the Court, which is whether defendant has shown a compelling reason exists to file portions of a pleading under seal. See Kamakana, 447 F.3d at 1178-79.

2

credit to applicants, or similar practices by defendant; none of the cited orders addresses whether the denial codes, standing alone, would be properly filed under seal.

Defendant also relies on a declaration it previously submitted in support an earlier-filed administrative motion to seal, specifically, the declaration of Pauline Reid, filed April 17, 2018. In said declaration, the declarant asserts that certain documents filed in connection with a then-pending motion to strike were sealable because they disclose defendant's "credit underwriting considerations and risk scoring," or "information relating to eligibility and information required from applicants," or "information relating to [defendant's] software and credit decision-making systems." (See Reid Decl. ¶ 5.) The declarant does not address whether, let alone identify any compelling reason why, denial codes, standing alone, are properly filed under seal.

Moreover, as plaintiffs point out, defendant previously has placed one of the denial codes in the public record. (See Doc. No. 247-1 at 15:18-22.)

In light of the above, the Court finds defendant has not shown compelling reasons exist to file the denial codes under seal and, accordingly, plaintiff's administrative motion is hereby DENIED.

Accordingly, plaintiffs are hereby DIRECTED to file their Fifth Amended Complaint in the public record and to do so no later than July 19, 2019. See Civil L.R. 79-5(f).

**IT IS SO ORDERED.**

Dated: July 12, 2019

MAXINE M. CHESNEY
United States District Judge