# Exhibit JJ

<u>United States District Court</u>
<u>Northern District of California</u>

# If you have Deferred Action for Childhood Arrivals ("DACA") and were denied a student loan, personal loan, or credit card from Wells Fargo between January 30, 2015 and the present, a class action lawsuit may affect your rights.

*This is a court-authorized notice. This is not a solicitation from a lawyer.*

- Six DACA recipients have sued Wells Fargo, alleging that Wells Fargo illegally denied them consumer and small business credit due to their lack of U.S. citizenship or their immigration status.

- The Court has allowed the lawsuit to proceed as a class action under both federal civil rights law (42 U.S.C. § 1981) and California civil rights law (the Unruh Civil Rights Act, California Civil Code §§ 51 *et seq.*). **You are receiving this notice because Wells Fargo has identified you as a potential DACA recipient in California who applied to Wells Fargo and were denied a student loan, personal loan, or unsecured credit card due to your immigration status between January 30, 2015 and the present. Because Wells Fargo's records do not identify who has DACA, you need to establish your eligibility to be a class member.**

- The Court has not decided whether Wells Fargo did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT |  |
|---|---|
| **DEMONSTRATE YOUR ELIGIBILITY BY SUBMITTING AN AFFIDAVIT. ELECT TO STAY IN THE CLASS, OR EXCLUDE YOURSELF** | Demonstrate your eligibility by completing the enclosed eligibility affidavit and electing to either remain the class and await the outcome, including possible money damages of $4,000 under California civil rights law, or exclude yourself. <br><br> To stay in the class, you need to complete the enclosed form and select "Stay in the Class" and then submit it either online or by email or mail by [60 days from mailing of notice], or 30 days from remailing in the event your notice is re-mailed. By submitting the affidavit and electing to stay in the class, you keep the possibility of getting money that may come from a trial or settlement. But you also give up any rights to sue Wells Fargo separately about the same legal claims in this lawsuit. You can submit your affidavit and request to remain in the class via mail, email to [**e-mail address**], or online at: [www.WellsFargoDACAlawsuit.com]. <br><br> You can also elect to exclude yourself after demonstrating your eligibility by selecting "Exclude myself from the class" in the enclosed form. If you ask to be excluded from this lawsuit and money is later awarded, you won't share in it. But you will keep any rights to sue Wells Fargo separately about the same legal |

*You may also submit this form online at www.WellsFargoDACAlawsuit.com.

|  | claims in this lawsuit. |
|---|---|
| **DO NOTHING** | Do nothing. If you had DACA at the time you were denied credit by Wells Fargo and you do nothing, you will be bound by any judgment or settlement, but you will not be able to recover money damages and you will not be able to sue Wells Fargo separately about the same legal claims in this lawsuit.<br><br>If you did not have DACA at the time you were denied credit and you do nothing, you will not be bound by any judgment or settlement and you will not be able to recover money damages, but you will have the opportunity to sue Wells Fargo separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice. To demonstrate your eligibility and either stay in the class or exclude yourself, you must act before 60 days from mailing of notice, or 30 days from remailing in the event your notice is re-mailed.

- Questions? Read on and visit www.WellsFargoDACAlawsuit.com.

## 1. Why did I get this notice?

Wells Fargo's records show that you (1) submitted an application to Wells Fargo for an unsecured student loan, unsecured personal loan, or unsecured credit card (or multiple applications for some combination of these credit products) during the time period covered by this case; (2) resided in California at the time of your application(s); (3) had a valid Social Security number at the time of your application(s); and (4) were denied at least one of these credit products because of your lack of U.S. citizenship or immigration status. A lawsuit has been brought against Wells Fargo claiming that Wells Fargo illegally denied DACA recipients the opportunity to be considered for credit based on their lack of U.S. citizenship or immigration status and the Court has certified this case as a class action. A trial may be necessary to decide whether the claims against Wells Fargo are correct. The Honorable Maxine M. Chesney, United States District Court Judge in the Northern District of California, is overseeing this class action. The lawsuit is known as *Perez v. Wells Fargo Bank, N.A.*, No. 17-cv-00454-MMC.

## 2. What is this lawsuit about?

This lawsuit is about whether Wells Fargo illegally discriminated against DACA recipients based on their lack of U.S. citizenship or immigration status.

## 3. What is a class action and who is involved?

In a class action, one or more people called "Class Representatives" sue on behalf of other people who have similar claims. All those people together are the "Class" or "Class Members." The Class Representatives and Class Members together are the "Plaintiffs," and in this case Wells Fargo is the "Defendant." One court resolves the issues for everyone in the Class.

## 4. Why is this lawsuit a Class Action?

The Court has decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order on Class Certification, available at www.WellsFargoDACAlawsuit.com.

### 5. What is Wells Fargo's position?

Wells Fargo maintains that it did not illegally discriminate against DACA recipients.

### 6. Has the Court decided who is right?

The Court has not decided whether Wells Fargo discriminated against DACA recipients in violation of federal and state civil rights laws. By allowing this case to proceed as a class action, the Court is not suggesting that the Plaintiffs will win or lose the case.

### 7. What are the Plaintiffs asking for?

Plaintiffs are asking Wells Fargo for injunctive and declaratory relief, which means that Wells Fargo has to change its lending policies to permit DACA recipients to be considered (or made eligible) for student loans, unsecured personal loans, unsecured credit cards, and both secured and unsecured small business loans and credit cards, and for a third-party compliance monitor to ensure that Wells Fargo is not discriminating against DACA recipients. Plaintiffs are also asking Wells Fargo to pay statutory money damages of $4,000 to each California Class Member under California's Unruh Civil Rights Act and nominal damages to Class Members. Plaintiffs are also asking Wells Fargo to pay their attorneys' fees and costs.

### 8. What happens if I do nothing at all?

If you do nothing and you had DACA at the time you were denied credit, you will be bound by any ruling, settlement or judgment regarding the claims in this case, whether favorable or unfavorable, but you will also lose the possibility of sharing in any monetary award that might come from a trial or settlement. You will not be able to bring any other claims arising out of the denial of credit by Wells Fargo in a separate case.

If you do nothing and did not have DACA at the time you were denied credit by Wells Fargo, you will not be bound by any ruling, settlement, or judgment regarding the claims in this case, whether favorable or unfavorable, and you will be free to bring any claims you might have against Wells Fargo in a separate case.

### 9. What happens if I submit an affidavit and choose to stay in the Class?

In order to stay in the class, you must submit an affidavit that demonstrates that you have DACA status, to demonstrate that you are eligible to be included in the class. If you demonstrate your eligibility and select "Stay in the Class," you will keep the possibility of getting money that may come from a trial or settlement. But you also give up any rights to sue Wells Fargo separately about the same legal claims in this lawsuit. You will be bound by any ruling, settlement or judgment regarding the claims in this case, whether favorable or unfavorable.

### 10. What happens if I submit an affidavit and choose to exclude myself from the Class?

If you demonstrate your eligibility and exclude yourself from the class, you will lose the possibility of sharing in any monetary award that might come from a trial or settlement.  You will not be bound by any ruling, settlement or judgment regarding the claims in this case, whether favorable or unfavorable, and you will keep your right to sue Wells Fargo separately about the same legal claims in this lawsuit.

### 11. How do I submit an affidavit and choose to stay in the Class?

To demonstrate your membership in the Class, you must submit the attached affidavit by First Class U.S. mail to the address below, by email to **[e-mail address]** or online at [www.WellsFargoDACAlawsuit.com]by 60 days from mailing of notice, or 30 days from remailing in the event your notice is re-mailed.

[INSERT NOTICE ADMINISTRATOR'S ADDRESS]

You must select "Stay in the Class" in order to remain in the class.

### 12. What happens next?

The lawsuit will proceed toward trial. If your contact information changes, and you want Class Counsel (described in Section 13, below) to be able to contact you (*e.g.*, to update you about the case, to send you money from any settlement or judgment, etc.), you can provide your contact information to Class Counsel (whose information is available at www.WellsFargoDACAlawsuit.com and in Section 13, below).

### 13. Do I have a lawyer in this case?

The attorneys who represent the Plaintiffs and the Class members are called "Class Counsel." The Court has decided that these lawyers are qualified to represent you and other Class Members. The Court has designated them as Class Counsel in this lawsuit based on a determination that they are capable and experienced in handling similar cases against other employers. If you demonstrate your membership in the Class and stay in the Class, you will be represented by Class Counsel.

More information about Class Counsel is available at www.WellsFargoDACAlawsuit.com.  They are:

| | |
|---|---|
| OUTTEN & GOLDEN LLP<br>Jahan C. Sagafi<br>Rachel Dempsey<br>One Embarcadero Center, 38th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 638-8800<br><br>Ossai Miazad<br>Michael N. Litrownik<br>Elizabeth V. Stork<br>685 Third Avenue, 25th Floor<br>New York, New York 10017<br>Telephone:  (212) 245-1000<br>Email: mlitrownik@outtengolden.com | MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND<br>Thomas Saenz<br>Belinda Escobosa<br>Joel Marrero<br>634 S. Spring St., 11th Floor<br>Los Angeles, CA 90014<br>Telephone: (213) 629-2512<br>Email: jmarrero@maldef.org |

**14. Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel will be working on your behalf. You may hire your own lawyer at your own expense.

**15. How will the lawyers be paid?**

You will not be required to pay any attorneys' fees or costs out of your own pocket. The Plaintiffs have entered into a contingency fee agreement with their attorneys. Under the agreement, if there is a settlement or if there is a trial and the Plaintiffs prevail, the attorneys will ask the Court to approve as their attorneys' fees the greater of: (a) one-third of the recovery, or (b) the "lodestar" amount, calculated by multiplying their reasonable hourly rates by the number of hours expended on the lawsuit. You can obtain a copy of the contingency fee agreement executed by the Plaintiffs upon request.

The named Plaintiffs in this case may also seek an additional service payment to compensate them for the work they have done in initiating and maintaining this case on behalf of the Class. Any service payment will be subject to Court approval.

**16. This notice has been authorized by the Court.**

This notice and its contents have been authorized by the United States District Court for the Northern District of California, the Honorable Maxine M. Chesney presiding. The Court has not expressed any opinion about the merits of this case and has not decided whether the Plaintiffs or Wells Fargo are right or wrong.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MITZIE PEREZ, ANDRES ACOSTA, SERGIO BARAJAS, TERESA DIAZ VEDOY, VICTORIA RODAS, and SAMUEL TABARES VILLAFUERTE, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.,<br><br>           Defendant. | Case No. 17-cv-00454-MMC<br><br>**AFFIDAVIT IN SUPPORT OF CLASS MEMBERSHIP\*** |

I, _____, declare as follows:

1. I applied for and was denied a student loan, personal loan, or unsecured credit card by Wells Fargo between January 30, 2015 and the present. At the time I applied for this loan or credit card, I had DACA and a valid Social Security number.

2. I wish to:

    a. Stay in the Class: \_\_\_\_

    b. Exclude myself from the Class: \_\_\_\_

Dated: _____          Signed: _____

                                                                                                         [Name]

\*You may also submit this form online at www.WellsFargoDACAlawsuit.com.